FILED & ENTERED

MAY 31 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY  bolte       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Dario Gomez<br>Sharon Gomez,<br>                  Debtor(s).<br><br>Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.,<br>                  Plaintiff(s),<br>  v.<br>Dario Gomez, an individual,<br>                  Defendant(s). | Case No.: 8:12-bk-22019-MW<br>Adv. No.: 8:13-ap-01031-MW<br>CHAPTER 7<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>[Relates to Docket No. 9]<br><br>Date:        June 19, 2013<br>Time:       9:00 a.m.<br>Courtroom:  6C<br>                411 West Fourth Street<br>                Santa Ana, CA 92701 |

     This matter comes before the Court on Plaintiffs' motion for default judgment under Local Bankruptcy Rule 7055-1 (the "Motion").  For the reasons stated below, the Court grants the Motion and determines that debtor-defendant Dario Gomez's debt to Plaintiffs of $147,805.68 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

Debtor-defendant Dario Gomez ("Gomez") was the president and sole shareholder of D.G. Plumbing, Inc., a California corporation ("DG"). DG employed unionized plumbers and pipefitters and entered into a Master Labor Agreement obligating it to make contribution payments to health and welfare trust funds affiliated with Southern California Pipe Trades District Council No. 17 (such health and welfare trust funds being Plaintiffs herein). The complaint in this adversary proceeding alleges that such payments consist of both employer payments and payments made by the employer from moneys deducted from individual union member paychecks.[1]

DG breached its obligation to make timely contributions, and the Plaintiffs and DG and Gomez entered into a settlement agreement on or about March 17, 2011 to address the delinquencies and provide for make-up payments. Following the execution of this agreement, DG again began missing payments, resulting in delinquencies with respect to contributions for work performed from July 2011 through April 2012.

The Plaintiffs brought suit against DG and Gomez in the United States District Court for the Central District of California, the Honorable Cormac J. Carney presiding (the "District Court"). The complaint in the District Court action alleged not only breach of the settlement agreement by DG and Gomez, but also breach by Gomez of fiduciary duties under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the exercise of discretionary authority or control over plan assets (i.e., the unpaid employer and employee contributions).

The District Court granted in substantial part a motion by plaintiffs therein (who are the Plaintiffs herein) for summary judgment.[2] The District Court Order specifically references the unpaid contributions for work performed from and after July 2011 and grants summary judgment thereon to plaintiffs.[3] The District Court Order notes that DG and Gomez conceded

---

[1] Complaint to Determine Nondischargeability of Debt (the "Adversary Complaint") at numbered paragraph 9.
[2] Order Granting in Substantial Part Plaintiffs' Motion for Summary Judgment (the "District Court Order").
[3] District Court Order at 6.

their liability for these amounts. Although the complaint in the District Court action states six causes of action or claims for relief, the only claims or causes of action against Gomez (other than the cause of action relating to the settlement agreement) are claims three and four, each of which involve breach of fiduciary duties under ERISA. Accordingly, it can be determined that the District Court, in rendering its decision, specifically decided that Gomez breached his fiduciary duties by diverting plan assets, namely, the employer and employee portions of the payments to the plaintiffs.

As discussed below, the Court has concerns that unpaid employer contributions (as distinguished from the unpaid employee contributions) are plan assets which Gomez or DG had control over. However, this concern is irrelevant because the determination of the Motion is controlled by principles of collateral estoppel (issue preclusion). Such principles apply to bankruptcy nondischargeability actions under Bankruptcy Code section 523. *Grogan v. Garner,* 498 U.S. 279 (1991). The District Court necessarily decided that the unpaid contributions were plan assets when it granted summary judgment to plaintiffs based on the contributions that were due and owing for work performed from and after July 2011.

Upon default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *Sharma v. Salcido (In re Sharma)*, BAP No. CC-12-1302, (BAP 9th Cir., May 14, 2013) at 16. The Adversary Complaint alleges that Gomez wrongfully misused and diverted trust assets for his sole and exclusive benefit.[4] This is sufficient to satisfy the legal standard of "defalcation" within the meaning of Bankruptcy Code section 523(a)(4), which requires an intentional wrong, including reckless conduct. *Bullock v. BankChampaigne, N.A.*, __ U.S. __, No. 11-518 (May 13, 2013). If the Court assumes, as it must, that the unpaid employer contributions are trust assets, Gomez committed intentional wrong constituting moral turpitude when he used plan assets for his own private purposes or those of DG.

---

[4] Adversary Complaint at numbered paragraph 17.

But for the District Court action and the result therein, this Court might well have reached a different conclusion in this matter. The relevant agreement between DG, Gomez and Plaintiffs define plan assets to include unpaid amounts owed by employers under the Master Agreement. The asset in question is an account receivable, owed by DG to Plaintiffs. The account receivable was owned by Plaintiffs and possessed by Plaintiffs. Plaintiffs had full dominion and control over the account receivable from DG. From DG's standpoint, it was an account payable – which is a liability, not an asset. DG manifestly had no control or authority over the account receivable, as was amply demonstrated by Plaintiffs when they brought suit to collect the account receivable from DG.

This is in sharp contrast to the <u>employee</u> contributions which DG withheld from amounts paid to union members. Here, DG had possession of and control over moneys withheld that were unquestionably trust assets – either that, or DG fraudulently reported to union members a withholding that was never made, in which event fraud would have occurred.

The Court acknowledges a number of authorities cited by Plaintiffs' able counsel to the effect that unpaid employer contributions are plan assets in the hands of the employer-payor. The Court believes these cases are wrongly decided because they treat as a plan asset an item which, insofar as the employer is concerned, is in truth a liability, not an asset. Parties cannot by agreement turn a liability into an asset any more than they can by agreement turn a horse into a rhinoceros. In the case of employer contributions, there is no trust res under the employer's dominion and control[5] unless and until the moneys are either paid over to the health and welfare funds or are segregated in some fashion and declared by the employer to be held in trust.

---

[5] The account receivable is in the hands of the health and welfare funds and constitutes part of the trust res, but such res is under the control of the funds, not the employer.

-4-

**IT IS ORDERED THAT** debtor-defendant Dario Gomez's debt to Plaintiffs of $147,805.68 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Plaintiffs shall lodge a form of judgment within ten (10) days following the date of entry of this Memorandum Decision and Order.

###

Date: May 31, 2013

*/s/ Mark S. Wallace*
Mark S. Wallace
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): MEMORANDUM DECISION AND ORDER was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of May 31, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Weneta M Kosmala (TR)    Weneta.Kosmala@7trustee.net, ca15@ecfcbis.com;wkosmala@kosmalalaw.com;dfitzger@kosmalalaw.com;kgeorge@kosmalalaw.com
- George Thomas Leonard    gthomasleonard@gmail.com
- J Paul Moorhead    moorhead@luch.com, gina@luch.com;kimberley@luch.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**Dario Gomez**
19343 Easy Street
Yorba Linda, CA 92886

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page